IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DELARICK EVANS,**
                **Plaintiff,**

     v.                                  **CASE NO. 12-3181-SAC**

**KANSAS DEPARTMENT OF CORRECTIONS,**
**et al.,**

                **Defendants.**

O R D E R

    This matter comes before the court on a civil complaint under 42 U.S.C. § 1983, filed pro se by a prisoner incarcerated in the Lansing Correctional Facility (LCF) in Kansas. Also before the court is a plaintiff's motion for leave to proceed in forma pauperis in this matter without prepayment of the $350.00 district court filing fee.

    Plaintiff names the Kansas Department of Corrections (KDOC), the LCF Warden, and an LCF Officer as the three defendants in this matter, and seeks damages and injunctive relief on allegations regarding the conditions of his LCF confinement. Plaintiff cites a temporary problem with the quality of the drinking water in August 2011, and claims he should not be disciplined for refusing a medical diet he alleges is inadequate to meet his medical needs.

    As amended by the Prison Litigation Reform Act (PLRA) in 1996, § 1915 provides that a prisoner bringing a civil action or appeal in federal court must pay the full filing fee, but may do so over time if granted leave to proceed in forma pauperis. 28 U.S.C. § 1915(b)(1)-(2). The PLRA amendments also include a "3-strike" provision that reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This provision does not bar a prisoner with three strikes from filing civil actions, but operates to eliminate the privilege to proceed in forma pauperis. A prisoner who has three strikes may still proceed in civil actions or appeals by prepaying the full filing fee. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d. 775, 778 (10th Cir.1999); *see also Medberry v. Butler*, 185 F.3d. 1189, 1193 n.2 (11th Cir.1999)("We note that 28 U.S.C. § 1915(g) does not deny prisoners the right of access to the courts; it merely requires them to pay the filing fee immediately and in full rather than on an installment plan.").

Having reviewed this court's records, the court finds plaintiff is subject to the "3-strike" provision in § 1915(g).

Plaintiff has filed cases in this court using both the name "Delarick Evans" and an alias name of "Delarick Hunter." The Kansas Department of Corrections (KDOC) Offender Search website[1] lists "Delarick Hunter" as an alias name for plaintiff, and court records reflect that all pleadings submitted by Delarick Evans and Delarick Hunter bear the same prison identification number (KDOC #67355) for

---

[1] *See* http://www.doc.ks.gov/public/kasper

the prisoner plaintiff.

Because plaintiff has filed at least three cases as "Delarick Hunter" which were dismissed as legally frivolous or as stating no claim for relief,[2] the court finds the "3-strike" bar in § 1915(g) applies to bar plaintiff from proceeding in forma pauperis in this civil action absent a showing that he is under imminent danger of serious physical harm.  While no such showing of imminent physical harm is evident on the face of the complaint, the court will allow plaintiff a limited opportunity to make such a showing, or to pay the $350.00 district court filing fee.  The failure to file a timely response will result in petitioner's motion for leave to proceed in forma pauperis being denied, and the complaint being dismissed without prejudice based upon plaintiff's failure to satisfy the filing fee required by 28 U.S.C. § 1914.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why his motion for leave to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g), or to pay the full $350.00 district court filing fee.

**IT IS SO ORDERED.**

DATED:  This 18th day of October 2012 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] *See Hunter v. Supreme Court of Kansas*, Case No. 07-3037-SAC (legally frivolous action seeking federal writ of mandamus over state officials); *Hunter v. State of Kansas*, Case No. 08-3075-SAC (§ 1915(e)(2)(B) dismissal of § 1983 complaint seeking damages and declaratory judgment on allegations regarding plaintiff's pending state court proceeding); *Hunter v. McKune*, Case No. 08-3111-SAC (§ 1915(e)(2)(B) dismissal of § 1983 action seeking damages on allegations of error in computation of state sentence).